IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD CARL ROWE, III,    :
             :
    **Plaintiff,**    :
             :
**v.**            :  **Case No. 7:25-cv-200-WLS-ALS**
             :
JAMES L STANCIL, III,    :
             :
    **Defendant.**    :
             :

## ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Richard Carl Rowe, III, an inmate most recently incarcerated at the Burruss Correctional Training Center ("Burruss") in Forsyth, Georgia, seeking relief pursuant to 42 U.S.C. § 1983. On February 10, 2026, the Court ordered Plaintiff to (1) file a complete and proper motion for leave to proceed *in forma pauperis*, to include a certified copy of his prison trust fund account information and (2) recast his Complaint on the Court's standard form. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. *See generally* ECF No. 4.

The February 10th Order was returned to the Court as undeliverable, but it indicated that Plaintiff had been moved to Burruss. On March 5, 2026, the Court therefore forwarded a copy of the February 10th Order to Plaintiff at Burruss and allowed him additional time to respond. By April 7, 2026, however, Plaintiff still had not responded. As such, the

Court ordered Plaintiff to respond and show cause why this case should not be dismissed for Plaintiff's failure to comply with the orders and instructions of the Court. Plaintiff was again given fourteen (14) days to respond, and he was again ordered to comply with the February 10th Order if wished to proceed with this case. He was also warned again that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. *See generally* ECF No. 12.

The time for compliance has again expired without a response from Plaintiff. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); and then citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions).

Accordingly, this action is **DISMISSED, without prejudice,** because Plaintiff failed to comply with the Court's February 10, 2026 Order. Plaintiff's pending motion to proceed *in forma pauperis* is (ECF No. 2) is **DENIED as moot.**

**IT IS SO ORDERED,** this ___18th___ day of May 2026.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

3